UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **9/29/08** | Docket #: | **08-43116** |
| Debtor: | **Vadim Gartenflyus** | Co-Debtor: | **Yevgeniya Gartenflyus** |
| SS#: | **xxx-xx-6600** | SS#: | **xxx-xx-6593** |
| Address: | **63 Walcott Valley Drive**<br>**Hopkinton, MA 01748** | Address: | **63 Walcott Valley Drive**<br>**Hopkinton, MA 01748** |

Debtor's Counsel: **Vladimir von Timroth, Esq.**
Address: **679 Pleasant Street**
**Paxton, MA 01612**
Telephone #: **508 753-2006**
Facsimile #: **508 753-2002**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# OFFICIAL FORM 3
# PRE-CONFIRMATION CHAPTER 13 PLAN

AMENDED CHAPTER 13 PLAN

Docket No.: **08-43116**

DEBTORS:   (H)  **Vadim Gartenflyus**           SS#  **xxx-xx-6600**

(W)  **Yevgeniya Gartenflyus**       SS#  **xxx-xx-6593**

I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **229.00** for the term of:

☒ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

☐ ____ Months.  The Debtor states as reasons therefore:

II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of secured claims to be paid through the Plan  $  **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| American Honda Finance Corporation | Automobile loan |
| Indymac Bank | Mortgage |
| Toyota Financial Services | Automobile loan |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| -NONE- | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
**-NONE-**

    ; or

  ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**.

  iii.  The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan   $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **2,300.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **3** % of their claims.

A. General unsecured claims: $ **123,364.15**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Toyota Financial Services** | **Automobile loan** | $ **6,460.00** |
| **Citizens Bank** | **Credit Line** | $ **50,185.90** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C): $ **180,010.05**

D. Multiply total by percentage: $ **5,119.60**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%       $ **0.00**

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

**The provisions of this confirmed plan bind the Debtor(s) and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan.**

**Except as otherwise provided in the Plan, or the Order Confirming the Plan, the confirmation of this Plan vests all of the property of the estate in the Debtor.**

**Except as otherwise provided in the Plan, or the Order Confirming the Plan, the property vesting in the Debtor is free and clear of any claim or interest of any creditor provided for by the Plan.**

**Payments under the Plan are intended to be payment in full.**

**Upon completion of the plan and entry of discharge the lien of RBS Citizens Bank, N.A. recorded in the Middlesex South Registry of Deeds, Book 45991, Page 282 shall become null and void per Bankruptcy Court Order dated August 6, 2009.**

**Debtor's post petition payments to Indymac Bank or its successor shall be credited to the corresponding monthly post petition mortgage payments and shall not be applied to the pre-petition arrears.**

**On completion of all payments provided under the Plan, all pre-filing obligations, debts, and claims of and every nature provided for in this Plan will be discharged and of no further effect, other than those debts excepted from discharge by 11 U.S.C. § 1328(a).**

**The Confirmation Order may have the effect of res judicata with respect to adequate protection, to lack of equity, and to the issue of the property for successful rehabilitation.**

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims (Section II-A&D Total): | $ | **0.00** |
| b) Priority claims (Section III-A&B Total): | $ | **0.00** |
| c) Administrative claims (Section IV-A&B Total): | $ | **2,300.00** |
| d) Regular unsecured claims (Section V-D Total): | $ | **5,119.60** |
| e) Separately classified unsecured claims: | $ | **0.00** |
| f) Total of a + b + c + d + e above: | =$ | **7,419.60** |
| g) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | **8,244.00** |

(This represents the total amount to be paid into the chapter 13 plan)

h. Divide (g), Cost of Plan, by Term of plan,                                **36** months
i. Round up to nearest dollar for Monthly Plan Payment:        $    **229.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured

creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **63 Walcott Valley Drive, Hopkinton, MA - 2 bedroom condo, current value according to zillow is approximately $214,000.00 the liquidation value of the property for the purposes of determinaiton of the secured status of claims is approximately $180,000.00** | $ 180,000.00 | $ 183,092.03 |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 0.00 |
| Less Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

B. Automobile (Describe year, make and model):

| Vehicle | Value | Lien | Exemption |
|---|---|---|---|
| **2001 Toyota Camry Sedan 4D (57,000 miles)** | $ 9,825.00 | $ 0.00 | $ 9,825.00 |
| **2001 Honda CR-V Sport Utility 4D (54,000 miles)** | $ 10,450.00 | $ 4,348.05 | $ 6,101.95 |
| **2007 Toyota 4Runner Sport Utility 4D (14,000 miles)** | $ 22,540.00 | $ 29,000.00 | $ 0.00 |

| | |
|---|---|
| Total Net Equity: | $ **15,926.95** |
| Less Total Exemptions (Schedule C): | $ **15,926.95** |
| Available Chapter 7: | $ **0.00** |

C. All other Assets (All remaining items on Schedule B):  (Itemize as necessary)

**Cash on Hand**
**Bank of America checking account No. xxxx-xxxx-2198**
**Citizens Bank checking accout No. xxxxxx-7945**
**Eastern Bank joint savings account with son**
**Household Goods and Furnishings - 2 bedroom sets (8 years old), living room (8 years old), dinning room (6 years old), 4 TVs (2, 7, 9 and 11 years old), 4 DVDs, boom box (11 years old) and 2 computers (5 and 7 years old)**
**Russina books**
**Wearing Apparel - no value**
**Jewelry - no resale value other than weight (3 ounces), watches**
**Bb gun and 4 fishing poles**
**Auto Insurance**
**Term Life Insurance**
**Drivers Licenses**
**Taxi Driver License (not a medalion)**
**Inflatable Boat with 3HP motor**
**2 Office desks**
**Small tools**
**Cat**
**GPS navigation and radar detector**

| | |
|---|---|
| Total Net Value: | $ **8,960.23** |
| Less Total Exemptions (Schedule C): | $ **7,985.23** |
| Available Chapter 7: | $ **975.00** |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $  **975.00**

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| /s/ Vladimir von Timroth, Esq. | August 13, 2009 |
|---|---|
| **Vladimir von Timroth, Esq.** | Date |
| Debtor's Attorney | |

Attorney's Address: **679 Pleasant Street**
**Paxton, MA 01612**
Tel. #: **508 753-2006 Fax:508 753-2002**
Email Address: **vontimroth@gmail.com**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date **August 13, 2009**    Signature **/s/ Vadim Gartenflyus**
**Vadim Gartenflyus**
Debtor

Date **August 13, 2009**    Signature **/s/ Yevgeniya Gartenflyus**
**Yevgeniya Gartenflyus**
Joint Debtor